Guy William Seiferd, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Appellee, and Gettysburg Tours, Inc., Intervening Appellee.

86

Argued January 8, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert E. Yetter,* with him *Metzger, Wickersham, Knauss & Erb,* for appellant.

*Alfred N. Lowenstein,* Assistant Counsel, with him *Philip P. Kalodner,* Counsel, for appellee.

*James D. Campbell, Jr.,* with him *Nauman, Smith, Shissler & Hall,* for intervening appellee.

OPINION BY JUDGE MENCER, February 14, 1974:

On July 24, 1972, an application was filed with the Pennsylvania Public Utility Commission (Commission) by Gettysburg Tours, Inc. (applicant), for an amendment to its Certificate of Public Convenience. The applicant sought the additional right "to transport as a common carrier by motor vehicle, groups or parties of persons and persons on special excursions and tours or sightseeing trips from points in the Townships of Highland, Liberty, Freedom, Franklin, Mt. Joy, Mt. Pleasant, and Hamiltonban, Adams County, Pennsylvania to points and places in Pennsylvania."

On August 14, 1972, Guy William Seiferd (protestant) filed a protest. Following a hearing, the Commission, on May 21, 1973, issued a short-form order approving the requested amendment sought by the applicant. Thereafter, protestant filed this appeal and applicant petitioned for leave to intervene as a party appellee. We granted such intervention on July 2, 1973. The Commission issued its long-form order on August 17, 1973.

In cases of this nature it is the Commission's duty to determine whether or not the granting of a certificate of public convenience is necessary or proper for the service, accommodation, convenience, or safety of the public. Section 203 of the Public Utility Law, Act of May 28, 1937, P. L. 1053, 66 P.S. §1123. When such a determination has been made and an order entered by the Commission, we may not disturb that order except for an error of law, lack of evidence to support the finding, determination or order of the Commission, or a violation of constitutional rights. Section 1107 of the Public Utility Law, as amended, 66 P.S. §1437.

Applicant has the burden of proving public need for the proposed service and the inadequacy of existing service. It is required to show a reasonable additional necessity not satisfied by existing service, and that the proposed service would tend to correct or substantially improve that condition. *Jones Motor Company, Inc. v. Pennsylvania Public Utility Commission*, 202 Pa. Superior Ct. 134, 195 A. 2d 125 (1963).

The protestant in this appeal asserts that applicant has not met the burden of proving public need for the proposed service and inadequacy of existing service.

We have carefully read the testimony and find evidence to support the order of the Commission which was not capricious or arbitrary in the exercise of its discretion. We may not substitute our independent judgment for the judgment of the Commission nor may we indulge

in processes of weighing evidence and resolving conflicting testimony. *Johnstown-Pittsburgh Express, Inc. v. Public Utility Commission*, 5 Pa. Commonwealth Ct. 521, 291 A. 2d 545 (1972); *Carl R. Bieber, Inc. v. Public Utility Commission*, 3 Pa. Commonwealth Ct. 236, 281 A. 2d 351 (1971); *McNaughton Bros., Inc. v. Pennsylvania Public Utility Commission*, 2 Pa. Commonwealth Ct. 319, 278 A. 2d 186 (1971).

The Commission fairly summarized the salient evidence, after correctly concluding that need for the proposed service in fact exists, when in its long-form order it stated:

"Gettysburg Tours, Inc. [applicant], appears to have adequate equipment (vehicles with passenger capability in excess of 300), experienced drivers, peak-period back-up vehicles, an active advertising program for customer solicitation, capable repair and maintenance personnel, a unique taped and professionally narrated tour, and a history of continuous reliable service.

"The protestant's credentials, however, are somewhat less impressive. The protestant's service is almost invisible. It was not until approximately one month prior to the hearing of this case that protestant began to provide tours within his presently authorized group and party area. Despite the fact that he has held group and party service in the contested area for over 20 years, protestant has never sought to either actively solicit or serve the touring public with charter or tour service until this time. . . .

. . . .

"By all standards, protestant's service must be considered less than sufficient. The record reveals that protestant has only one mini-bus available for tours and is unable to employ his two school buses which are used elsewhere on a daily basis for scheduled route service. Likewise, protestant's existing operations evidence an absence of the essential back-up equipment necessary to

serve its patrons if the mini-bus should again break down."

Our examination and study of the record completely satisfies us that the order of the Commission is amply foundationed upon substantial evidence. The grant of the extended certificate here was proper for the service, accommodation, and convenience of the public. Being satisfied that a basis for that conclusion exists in the record, we issue the following

ORDER

And Now, this 14th day of February, 1974, the order of the Pennsylvania Public Utility Commission, under date of August 17, 1973, which further modified and amended the Certificate of Public Convenience issued to Gettysburg Tours, Inc., is hereby affirmed.