Morgan Drive Away, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Appellee, and Barrett Mobile Home Transport, Inc., Intervening Appellee.
National Trailer Convoy, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania, Public Utility Commission, Appellee, and Barrett Mobile Home Transport, Inc., Intervening Appellee.

Argued February 5, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Christian V. Graf,* for appellant, Morgan Drive Away, Inc.

*James D. Campbell, Jr.,* with him *Nauman, Smith, Shissler & Hall,* for appellant, National Trailer Convoy, Inc.

*Alfred N. Lowenstein,* Assistant Counsel, with him *Philip P. Kalodner,* Counsel, for appellee.

*John M. Musselman,* with him *Rhoads, Sinon & Reader,* for intervening appellee.

OPINION BY JUDGE KRAMER, February 28, 1974:

This is an appeal from an order of the Pennsylvania Public Utility Commission (PUC) granting to Barrett Mobile Home Transport, Inc. (Barrett) a certificate authorization "[t]o transport, as a Class C carrier, by motor vehicle, new mobile homes and buildings, complete or in sections, from producers' facilities in the County of Schuylkill to points in Pennsylvania."

On May 7, 1971, Barrett filed application for a certificate of public conveyance under Section 203 of the Public Utility Law, Act of May 28, 1937, P. L. 1053, 66 P.S. §1123 "to transport, as a Class C carrier, by motor vehicle, mobile homes and buildings, complete, knocked down, or in sections, from points in the County of Schuylkill to points in Pennsylvania." Protests were filed by Morgan Drive Away, Inc. (Morgan), National Trailer Convoy, Inc. (National) and Transit Homes, Inc. Hearings were held and the Commission entered its short-form on April 3, 1973, granting the authorization first noted above. Morgan and National filed appeals with this Court on April 24 and April 26, 1973, respectively. Barrett was then granted leave to intervene. The appeals of Morgan and National were consolidated for purposes of argument. On October 2, 1973, the PUC issued its long-form order intended to set forth the PUC's findings of fact and conclusions of law in support of its order.

One of the points of contention raised by Morgan is that the PUC has failed to make the detailed findings of fact necessary for Morgan, and indeed this Court, to determine the basis upon which the PUC based its conclusion on inadequacy of service and public need.

Section 1005 of the Public Utility Law, 66 P.S. §1395, provides: "After the conclusion of the hearing, the commission shall make and file its findings and order with its opinion, if any. Its findings shall be in sufficient detail to enable the court, on appeal, to determine the controverted question presented by the proceeding, and whether proper weight was given to the evidence. . . ." We fully recognize that our Superior Court in *Pennsylvania Railroad Company v. Pennsylvania PUC*, 181 Pa. Superior Ct. 343, 124 A. 2d 685 (1956) stated that formal findings in motor carrier certificate cases are not as essential as they may be in rate cases, but the court also pointed out that it is within the discretion of the appellate court to determine whether the findings are sufficient, and that the determination may be based upon whether or not more specific findings would be "helpful" to the appellate court.

With these thoughts in mind, we have carefully reviewed the long-form adjudication and order of the PUC filed in this case. Counsel for the PUC, at oral argument, candidly admitted that the "Abstract Of Evidence" set forth in the PUC's long-form order does not contain findings of fact. The PUC merely summarized the testimony of all of the witnesses, i.e., for both the applicant and the protestants. Our careful review of this "Abstract of Evidence" permits us to conclude that we are unable to determine the findings of fact upon which the PUC based its conclusions. Without reservation we state that more detailed and specific findings of fact would not only be helpful to this Court in deciding this case on its merits, but are essential.

We therefore will not rule upon the merits of this case at this time, and under the provisions of Section 1107 of the Public Utility Law, 66 P.S. §1437, we

### ORDER

AND NOW, this 28th day of February, 1974, based upon the above discussion, it is hereby ordered that the order of the Pennsylvania Public Utility Commission is vacated and this matter is remanded to the Commission for the sole purpose of preparing, executing and entering a new long-form order setting forth the specific findings of fact upon which it based its conclusion and order dated October 2, 1973, within 30 days from the date hereof.