Dutchland Tours, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Appellee, and John N. Thomas, Intervening Appellee.

Conestoga Transportation Company and Conestoga Tours, Inc., Appellants, *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Appellee, and John N. Thomas, Intervening Appellee.

Argued March 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ernest S. Burch,* with him *Nauman, Smith, Shissler & Hall,* for appellant, Dutchland Tours, Inc.

*John Paul Kershner,* with him *Barley, Snyder, Cooper & Mueller,* for appellants, Conestoga Transportation Company and Conestoga Tours, Inc.

*Melvin G. M. Walwyn,* Assistant Counsel, with him *Alfred N. Lowenstein,* Assistant Counsel, and *Philip P. Kalodner,* counsel, for appellee.

*John W. Burge,* with him *M. Elvin Byler* and *Wenger and Byler,* for intervening appellee.

OPINION BY JUDGE MENCER, April 17, 1974:

This is an appeal from an order of the Pennsylvania Public Utility Commission (PUC) granting to

John N. Thomas a certificate authorization "[t]o transport as a common carrier, persons who are guests of the Willow Valley Motor Inn, on special excursions and tours or sightseeing trips, from the said Willow Valley Motor Inn, located in the Township of West Lampeter, Lancaster County, to points of political, social, economic, cultural and historical interest of the Mennonite religious sect in Lancaster County.[1]

Protests were filed by Dutchland Tours, Inc., Conestoga Transportation Company, and Conestoga Tours, Inc., to the application for a certificate of public convenience filed by John N. Thomas. Hearings were held and the PUC entered its short-form order on August 17, 1973, approving the application and granting the authorization noted above. The protestants filed appeals with this Court and John N. Thomas was thereafter granted leave to intervene. On October 23, 1973, the PUC issued its long-form order intended to set forth the PUC's findings of fact and conclusions of law in support of its order.

Section 1005 of the Public Utility Law, Act of May 28, 1937, P. L. 1053, 66 P.S. §1395, provides: "After the conclusion of the hearing, the commission shall make and file its findings and order with its opinion if any. Its findings shall be in sufficient detail to enable the court on appeal, to determine the controverted question presented by the proceeding, and whether proper weight was given to the evidence. . . ."

Although we are mindful that our Superior Court, in *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission*, 181 Pa. Superior Ct. 343, 124 A. 2d 685 (1956), stated that formal findings in

---

[1] A reading of the record discloses that the applicant's testimony only supported destination points of the River Corner Mennonite Church, Hans Herr House, Meadowbrook Market, and the applicant's farm properties.

motor carrier certificate cases are not as essential as they may be in rate cases, it is within the discretion of the appellate court to determine whether the findings are sufficient.

Here the PUC's long-form order does not contain findings of fact. What Judge KRAMER wrote for this Court in *Morgan Drive Away, Inc. v. Pennsylvania Public Utility Commission*, 12 Pa. Commonwealth Ct. 5, 315 A. 2d 889 (1974), is equally applicable and controls here: "The PUC merely summarized the testimony of all of the witnesses, i.e., for both the applicant and the protestants. Our careful review of this 'Abstract Of Evidence' permits us to conclude that we are unable to determine the findings of fact upon which the PUC based its conclusions. Without reservation we state that more detailed and specific findings of fact would not only be helpful to this Court in deciding this case on its merits, but are essential." We therefore will not rule upon the merits of this case at this time, and under the provisions of Section 1107 of the Public Utility Law, 66 P.S. §1437, we

## ORDER

AND NOW, this 17th day of April, 1974, it is hereby ordered that the order of the Pennsylvania Public Utility Commission, dated October 23, 1973, granting to John N. Thomas a certificate of public convenience, is vacated, and this matter is remanded to the Commission for the purpose of preparing, executing, and entering a new long-form order, setting forth the specific findings of fact upon which it bases its conclusions and order, within 45 days from the date hereof.