Morgan Drive Away, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Appellee, and Barrett Mobile Home Transport, Inc., Intervening Appellee. National Trailer Convoy, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Appellee, and Barrett Mobile Home Transport, Inc., Intervening Appellee.

Argued September 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Christian V. Graf*, for appellant, Morgan Drive Away, Inc.

*James D. Campbell, Jr.*, with him *Nauman, Smith, Shissler & Hall*, for appellant, National Trailer Convoy, Inc.

*Alfred N. Lowenstein*, Assistant Counsel, with him *Philip P. Kalodner*, Counsel, for appellee.

*John M. Musselman*, with him *Rhoads, Sinon & Reader* for intervening appellee.

OPINION BY JUDGE KRAMER, November 21, 1974:

These are appeals filed by Morgan Drive Away, Inc. (Morgan) and National Trailer Convoy, Inc. (National) from an order of the Pennsylvania Public Utility Commission (PUC) dated April 29, 1974, granting to Barrett Mobile Home Transport, Inc. (Barrett) a certificate of public convenience to transport mobile homes and related items (as will be more fully explained hereinafter) from the producers of such products in Schuylkill County to points in Pennsylvania.

The matter was commenced when, on May 7, 1971, Barrett filed an application for a certificate of public convenience under Section 203 of the Public Utility Law (Act), Act of May 28, 1937, P. L. 1053, *as amended*, 66 P.S. §1123. The application requests in pertinent part, as follows: "To transport, as a Class C carrier, by motor vehicle, mobile homes and buildings, complete, knocked down, or in sections, from points in the County of Schuylkill to points in Pennsylvania."

Protests were filed by Morgan, National, and Transit Homes, Inc. (Transit). Hearings were held, and the Commission entered its short-form order on April 3, 1973, granting Barrett somewhat lesser rights than applied for, as follows: "To transport, as a Class C carrier, new mobile homes and buildings, complete or in sections, from producers facilities in the County of Schuylkill to points in Pennsylvania."

Morgan and National (but not Transit) filed appeals with this Court on April 24, and April 26, 1973, respectively. Barrett was then granted leave to intervene. The appeals were consolidated for purposes of argument. On October 2, 1973, the PUC issued its long-form order intended to set forth the PUC's findings of fact and conclusions of law in support of its order.

One of the points of contention raised by Morgan was that the PUC had failed to make the detailed findings of fact necessary for Morgan and this Court to determine the basis upon which the PUC based its conclusions on inadequacy of service and public need. As a result of that appeal, this Court, on February 28, 1974, remanded the matter to the PUC for the sole purpose of preparing, executing and entering a new long-form order setting forth specific findings of fact.[1] On April

---

[1] *See Morgan Drive Away, Inc. v. Commonwealth of Pennsylvania, Public Utility Commission*, 12 Pa. Commonwealth Ct. 5, 315 A. 2d 889 (1974).

29, 1974, the Commission entered its new or amended order filed in compliance with the order of this Court. On May 15, 1974, the President Judge of this Court signed an order directing Morgan and National to file amended petitions on appeal and they complied therewith. Apparently under agreement of counsel for the parties involved, and not by direction of this Court, the parties relied upon the briefs which had been prepared in the prior appeal to this Court, and it became necessary, therefore, for this Court to delete from the briefs which had been submitted in the prior appeal all references to any questions pertaining to the sufficiency of the findings and conclusions of the amended order. When asked at argument, counsel disclaimed any intent to pursue any questions pertaining to the sufficiency of the findings or conclusions of the PUC in the amended long-form order. As a result, the sole remaining question to be decided by this Court in this appeal is whether the record contains the substantial evidence necessary to support the adjudication of the PUC.

For a better understanding of this opinion, we set forth the following additional facts. In May of 1971, Barrett, a Minnesota corporation, registered to do business in the Commonwealth. At about the same time, it filed the application in question. At the time of the application, there were three duly certified carriers providing service the same as, or similar to, that proposed by Barrett. These carriers were Morgan, National and Transit. As is quite common in these carrier cases, the applicant presented witnesses who set forth the usual data concerning the number of vehicles intended to be employed in this service, the location of the place from which the business would be operated and the names of the employes who would run the operation. Barrett also submitted the testimony of three producers of mobile homes in Schuylkill County who testified generally that the existing service of Morgan, National and

Transit was inadequate and unsatisfactory. These producers also gave specific details on certain allegedly delayed or damaged shipments which they claimed were handled by one or more of the three existing carriers. The three existing certified carriers in turn, through cross-examination, attempted to show (and in some cases successfully did show) that the producer witnesses were in error regarding some of the delayed or damaged shipments. The existing carriers also presented witnesses who testified that each of them had fulfilled in a reasonable manner all of the shipping requirements of the producers of mobile homes in Schuylkill County. As is quite normal in these cases, there were many conflicts in the testimony. The Commission, in its amended longform order, found and concluded that many of the complaints of the producers were legitimate, and that therefore Barrett had met its burden of proving that the existing service was inadequate and that there was a need for the proposed service of Barrett.

Our scope of review is limited. Section 1107 of the Act, 66 P.S. §1437, provides in pertinent part: "The order of the commission shall not be vacated or set aside, either in whole or in part, except for error of law or lack of evidence to support the finding, determination, or order of the commission, or violation of constitutional rights."

Section 1112 of the same Act, 66 P.S. §1442 (Supp. 1974-1975), provides: "Whenever the commission shall make any rule, regulation, finding, determination, or order under the provisions of this act, the same shall be prima facie evidence of the facts found, and shall remain conclusive upon all parties affected thereby, unless set aside, annulled, or modified in an appeal taken as provided in this act."

In *York v. Public Utility Commission*, 3 Pa. Commonwealth Ct. 270, 275-76, 281 A. 2d 261, 263-64 (1971), we stated: "We may not disturb such an order except

for errors of law, lack of evidence to support a finding, determination or order of the Commission, or violation of constitutional rights. . . . Likewise, we may not exercise our independent judgment on the record or resolve conflicting evidence. . . . Our inquiry is directed to whether there is substantial evidence to support the Commission's action. . . . Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . Substantial evidence has also been said to mean evidence affording a substantial basis of fact from which the fact in issue can reasonably be inferred. Substantial evidence is synonymous with competent and relevant evidence having a rational probative force. In Philadelphia Suburban Water Company v. Pennsylvania Public Utility Commission, 425 Pa. 501, 229 A. 2d 748 (1967), it was held that in view of Section 1107 of the Public Utility Law of 1937, the Pennsylvania Public Utility Commission's exercise of its discretion must be accepted by the courts unless its action is totally without support in the record, or is based on an error or law or is unconstitutional." [Citations omitted.] *See also Western Pennsylvania Water Company v. Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission,* 10 Pa. Commonwealth Ct. 533, 537, 311 A. 2d 370, 372 (1973).

The burden of proof was on Barrett to establish a need for the proposed service. *Seiferd v. Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission,* 12 Pa. Commonwealth Ct. 85, 87, 315 A. 2d 320, 321 (1974). "This requirement is met by showing that the proposed service is reasonably necessary for the accommodation or convenience of the public, or by establishing that existing service does not satisfy the public need, and that the proposed service would tend to correct or substantially improve that condition." *Zurcher v. Pennsylvania Public Utility Commission,* 173 Pa. Su-

perior Ct. 343, 349, 98 A. 2d 218, 221 (1953). *See D. F. Bast, Inc. v. Pennsylvania Public Utility Commission,* 397 Pa. 246, 250, 154 A. 2d 505, 508 (1959). In *Carl R. Bieber, Inc. v. Public Utility Commission,* 3 Pa. Commonwealth Ct. 236, 240, 281 A. 2d 351, 354 (1971), we stated: "The applicant is not required to demonstrate actual proof of necessity or propriety as long as the proposed service is reasonably necessary for the accommodation or convenience of the public."

We can find no provision in the law that says that Barrett would have to meet a burden of proving that there was an absolute necessity for additional service, nor is it the law that Barrett must prove the inability of the existing carriers to meet the existing demand for service. The test is set forth in Section 203 of the Act, 66 P.S. §1123, wherein it is stated: "A certificate of public convenience shall be granted by order of the commission, only if and when the commission shall find or determine that the granting of such certificate is necessary or proper for the service, accommodation, convenience, or safety of the public . . . ."

We have carefully read and reread this entire record, and although we might have reached different findings and conclusions based upon the expert craftmanship of the various counsel for the protestants, especially as divulged by the cross-examinations of Barrett's witnesses, this Court is powerless to make independent findings. We did not see the witnesses and therefore cannot judge their credibility. Under our system of administrative law, the regulatory agency, in this case the PUC, is the final arbiter of the facts. The PUC determined from the facts, as indeed the protestants at least partially admit, that there were some delays in affording the service requested by the producers of mobile homes in Schuylkill County. Significantly, the Commission found that the documentary proof of past service produced by the protestants was not a reliable record of

shipping and delivery dates. The Commission noted that the documents offered by the protestants were subject to their control, subject to typographical error, contained vague references to "shipment date," and were, in some instances, based upon questionable data (such as "driver payment dates"). The Commission thus chose to give more weight to Barrett's evidence regarding the shipping delays. This judgment was within the Commission's discretion and resulted in a justifiable conclusion that the additional service applied for by Barrett was necessary for the service, accommodation and convenience of the public. The requirements of the statute have been satisfied.

We therefore

### Order

AND Now, this 21st day of November, 1974, the Order of the Pennsylvania Public Utility Commission dated April 29, 1974, granting Barrett Mobile Home Transport, Inc. a certificate of public convenience to transport mobile homes, is hereby affirmed.