Pennsylvania Public Utility Commission, Appellee, *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant, and The Pittsburg & Shawmut Railroad Co., Intervening Appellee.

Argued February 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR., did not participate.

*Louis G. Cocheres,* Assistant Attorney General, with him *Herbert G. Zahn,* Assistant Attorney General, and *Robert W. Cunliffe,* Deputy Attorney General, for appellant.

*R. Knickerbocker Smith, Jr.,* Assistant Counsel, with him *Edward Munce,* Acting Counsel, for appellee.

*Thomas D. Stauffer,* for intervening appellee.

OPINION BY JUDGE MENCER, March 26, 1975:

This is an appeal from an order of the Pennsylvania Public Utility Commission (Commission) allocating the costs of the repair and restoration of the bridge structure carrying State Highway Route 66 over and above the tracks of the Pittsburg & Shawmut Railroad Company in Mahoning Township, Armstrong County, and directing the Pennsylvania Department of Transportation (Department) to perform maintenance on the crossing and approaches thereto in the future.

The history of the events leading to this appeal is contained in our prior opinion of *Department of Transportation v. P.U.C.*, 3 Pa. Commonwealth Ct. 405, 283 A. 2d 313 (1971), in which we affirmed what we termed a "preliminary" order of the Commission. There then followed a hearing and thereafter a Commission order dated September 19, 1972, directing the Department to prepare a complete plan for the reconstruction of the crossing. The Department then complied with this order, a final hearing was conducted, and the Commission issued an order dated March 11, 1974, which is the subject of this appeal. After a petition for modification of this order had been denied by the Commission, the Department appealed to us.

Unfortunately, we are compelled to remand this case for the reasons enumerated in *Pennsylvania Department of Transportation v. Pennsylvania Public Utility Commission*, Pa. Commonwealth Ct. , A. 2d (No. 1113 C. D. 1974, filed March 26, 1975). In that case we found, as we find here, that the lack of detailed findings in support of the Commission's conclusions[1] makes it impossible for us to determine the merits of the appeal. Accordingly, we must remand. See *Morgan Drive Away, Inc. v. Pennsylvania Public Utility Commission*, 12 Pa. Commonwealth Ct. 5, 315 A. 2d 889 (1974).

---

1. In the instant case the conclusions challenged are set forth in paragraphs 6, 14, 21, 22 and 25 of the Public Utility Commission's order in question.

We, therefore, issue the following

ORDER

AND NOW, this 26th day of March, 1975, the order of the Pennsylvania Public Utility Commission is vacated and this matter is remanded to the Commission for the sole purpose of preparing, executing and entering a new order within sixty (60) days of the date hereof, setting forth the specific findings of fact upon which it based the conclusions in paragraphs 6, 14, 21, 22 and 25 of its order dated March 5, 1974.