In Re: Applications of L. P. Transportation, Inc. and H. R. Ritter Trucking Co., Inc. Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission v. Matlack, Inc., Coastal Tank Lines, Inc. and Chemical Leaman Tank Lines, Inc., Appellants. L. P. Transportation, Inc. and H. R. Ritter Trucking Co., Inc., Intervening Appellees.

Argued June 9, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and BLATT. Judges KRAMER and ROGERS did not participate.

*William E. Zerber,* with him *Robert W. Small, R. Bruce Whitney,* and, of counsel, *Morgan, Lewis & Bockius,* for appellants.

*R. Knickerbocker Smith, Jr.,* Assistant Counsel, with him *Alfred N. Lowenstein,* Assistant Counsel, and *Edward J. Morris,* Counsel, for appellee.

*John M. Musselman,* with him, of counsel, *Rhoads, Sinon & Reader,* for intervening appellees.

OPINION BY JUDGE WILKINSON, July 6, 1976:

This is an appeal from two orders of the Pennsylvania Public Utility Commission (PUC) granting certificates of public convenience to L. P. Transportation, Inc., (LPTI) and H. R. Ritter Trucking Co. (Ritter). We reverse.

On December 13, 1974 (at Application Docket No. 99091) and on January 9, 1975 (at Application Docket No. 99089), respectively, Ritter and LPTI filed with the PUC similar applications for certificates of public convenience seeking authority: "To transport, as a [common] carrier, liquified petroleum gas [LPG] from facilities located at the Eagle Terminal of Texas

Eastern Transmission Corporation, Allegheny Pipe-
line System, in the Township of Upper Uwchlan,
Chester County to points in Pennsylvania." The ap-
plications were protested by appellants, three truck-
ing concerns already certificated by the PUC as com-
mon carriers to transport LPG in the application area,
and, consequently, were consolidated for the purpose
of hearing. In February and April, 1975, hearings
were held, following which, by short-form orders en-
tered October 10 and 14, 1975, the PUC approved
the respective applications of LPTI and Ritter and
granted them certificates of public convenience. Ap-
pellants filed an appeal with this Court in which
LPTI and Ritter were permitted to intervene as party
appellees. The PUC, thereafter, on December 29,
1975, entered two long-form orders affirming its
earlier grants of the certificates.

Section 203(a) of the Public Utility Law, Act of
May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1123(a),
provides that "[a] certificate of public convenience
shall be granted by order of the commission, only if
and when the commission shall find or determine that
the granting of such certificate is necessary or proper
for the service, accommodation, convenience, or safety
of the public . . . ." An applicant for a certificate of
public convenience carries the burden of proving (1)
a public need for the proposed service, (2) the in-
adequacy of the existing service to satisfy the need,
and (3) the capacity of the applicant to satisfactorily
meet the need. *Pennsylvania Public Utility Commis-
sion v. Pennsylvania Radio Telephone Corp.,* 20 Pa.
Commonwealth Ct. 591, 342 A.2d 489 (1975); *Dutch-
land Tours, Inc. v. Pennsylvania Public Utility Com-
mission,* 19 Pa. Commonwealth Ct. 1, 337 A.2d 922
(1975); *John Gibbons, Inc. v. Pennsylvania Public
Utility Commission,* 18 Pa. Commonwealth Ct. 114,
334 A.2d 806 (1975); *Seiferd v. Pennsylvania Public*

*Utility Commission,* 12 Pa. Commonwealth Ct. 85, 315 A.2d 320 (1974).

Appellants essentially argue that LPTI and Ritter failed to meet their burden as to all three of the foregoing requirements, and, additionally, contend that the proposed service is interstate, rather than intrastate, in nature, thus depriving the PUC of jurisdiction to grant motor carrier authority. However, we need not decide all the issues raised by appellants, but can dispose of this case on the narrow question of whether LPTI and Ritter successfully proved that the existing service provided by appellants is inadequate.

We have carefully examined the voluminous record and the numerous findings of fact made by the PUC in its two long-form orders. It appears that certain shippers of LPG, who appeared before the PUC in support of the LPTI and Ritter applications, will require additional delivery service in the application area in order to meet foreseeable needs resulting from an expected upward shift in the volume of LPG transmitted to the Eagle Terminal. The record and findings, however, provide little, if any, basis on which to conclude that the service offered by appellants is inadequate to meet the additional service requirements. Indeed, the PUC specifically found that appellants "presently meet liquified petroleum gas transportation needs in the application area";[1] that the service provided by appellants "has been adequate in most instances"[2] and generally satisfactory;[3] *and that*

---

[1] Finding of Fact 35 (Long-form Order at Application Docket No. 99089) ; Finding of Fact 32 (Long-form Order at Application Docket No. 99091).

[2] *Id.*

[3] Finding of Fact 41 (Long-form Order at Application Docket No. 99089) ; Finding of Fact 38 (Long-form Order at Application Docket No. 99091).

416

*appellants indicated that they either had or could acquire adequate equipment to meet the anticipated increase in traffic at Eagle.*[4] Consequently, we are compelled to hold that LPTI and Ritter failed to carry their burden of proving the existing service to be inadequate, and that they, therefore, are not entitled to certificates of public convenience.

Accordingly, we will enter the following

ORDER

AND Now, July 6, 1976, the orders of the Pennsylvania Public Utility Commission, entered December 29, 1975, at Application Docket Nos. 99089 and 99091, granting L. P. Transportation, Inc., and H. R. Ritter Trucking Co., respectively, certificates of public convenience, are hereby reversed; and the said certificates are hereby vacated.

---

[4] Findings of Fact 29, 31, 32 and 34 (Long-form Order at Application Docket No. 99089) ; Findings of Fact 26, 28, 29 and 31 (Long-form Order at Application Docket No. 99091). There was no contradictory evidence, much less a finding, that appellants could not meet future needs. This distinguishes *Highway Express Lines, Inc. v. Pennsylvania Public Utility Commission*, 195 Pa. Superior Ct. 92, 169 A.2d 798 (1961), which was relied upon by the PUC.