David E. Blake, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent; Neal Bulk Transport, Inc. et al., Intervenors.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Blair F. Green,* with him *Green and Bish,* for petitioner.

*Robert A. Christianson,* Assistant Counsel, with him *Alfred N. Lowenstein,* Deputy Chief Counsel, and *George M. Kashi,* Acting Chief Counsel, for respondent.

*Charles J. Streiff,* with him *Wick, Vuono & Lavelle,* for intervenors.

OPINION BY JUDGE WILKINSON, JR., April 19, 1979:

Petitioner applied to the Pennsylvania Public Utility Commission (Commission) for additional authority to haul coal, building construction materials, in bulk, brick, clay or clay products, including tile, from and to specified counties and locations, with no haul to exceed an airline distance of 95 statute miles. This was later amended to make certain limited specific restrictions which amendment resulted in some original protestants withdrawing. Hearings were held with testimony being offered by both petitioner and protestants.

The Administrative Law Judge, after a rather detailed and extensive review of the testimony, entered an order, subject to Commission approval, denying petitioner's application.

A memorandum was prepared by the Chief of the Motor Transportation Section of the Commission's Bureau of Transportation in response to the Commission's request for an analysis of the rights held by the protestants.[1] Having made the analysis of the rights requested, the Chief of Motor Transportation gratuitously concluded:

---

[1] This memorandum was distributed to all the parties when it was submitted.

The testimony in support of the application is extremely weak. In the opinion of the writer, a grant of authority as applied for could not be sustained in court. If weight is to be accorded to the testimony, and a right granted under this application, it appears the most that could be sustained would be as follows:

To transport, as a Class D carrier, coal between points in the Counties of Armstrong, and Butler, and from points in said counties to points in the counties of Lawrence, Mercer and Erie.

The application in all other respects should be refused.

A reading of the record more than supports the conclusion that the petitioner's testimony is "extremely weak." For many features of the application, it is non-existent! Since the Administrative Law Judge has analyzed the testimony and supplied an ample discussion of it, the parties would not benefit by a repetition. Suffice it to say that the record amply supports the Commission's order adopting the Initial Decision of the Administrative Law Judge. We affirm.

Only two points raised by petitioner need be mentioned. First, petitioner argues that, since no protestant could individually supply all the services for which he has applied, his application must be granted. He does not supply us with any statutory or case law to support such a proposition nor do we find any. It simply is not the law.

Finally, petitioner asserts that it was error for the Commission not to follow the recommendation of its Chief of the Motor Transportation Section. To assert the proposition is to find the answer—it was at most a recommendation. Actually, as quoted above, it was not a recommendation but merely a statement

that the limited rights identified were the *most* the record could support. He does not say he would recommend it, perhaps for the very good reason that his recommendation was not sought.

Based on this record, had the Commission granted the application, this Court may have been required to reverse. *See Applications of L. P. Transportation, Inc.*, 25 Pa. Commonwealth Ct. 412, 359 A.2d 848 (1976). Having refused the application, it is abundantly clear that its decision must be affirmed.

Accordingly, we will enter the following

ORDER

AND Now, April 19, 1979, the order of the Pennsylvania Public Utility Commission, entered February 9, 1978 at Application Docket No. 99659 F.1, Am-A, adopting as its action the Initial Decision of Administrative Law Judge CONLY, dated July 28, 1977, denying the application of David E. Blake is affirmed.