Philboro Coach Corp. and Romano's School Bus Service, Inc., Petitioners *v.* Pennsylvania Public Utility Commission, Respondent. Starr Transit Company, Inc. et al., Intervenors.

In Re: Starr Transit Co., Inc. Greyhound Lines, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Starr Transit Co. et al., Intervenors.

Schuylkill Valley Lines, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Auch Inter-Borough Transit Co. et al., Intervenors.

In Re: Starr Transit Co., Inc. Auch Inter-Borough Transit Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Greyhound Lines, Inc. et al., Intervenors.

Argued October 8, 1980, before Judges CRAIG, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*S. Berne Smith, McNees, Wallace & Nurick,* for petitioners, Philboro Coach Corp. and Romano's School Bus Service, Inc.

*James D. Campbell, Jr.,* with him *Michael C. Fox, Nauman, Smith, Shissler & Hall,* for petitioners, Greyhound Lines, Inc.

*Morris Gerber,* with him *John R. Carty, Gerber, Gerber & Shields,* for petitioner, Schuylkill Valley Lines, Inc.

*David E. Thomas, Erskine and Wolfson,* for petitioner, Auch Inter-Borough Transit Co. et al.

*Alan R. Squires, Steinberg, Greenstein, Gorelick & Price,* for Intervenors Starr Transit Co. et al.

*Robert A. Christianson,* Assistant Counsel, with him *Alfred N. Lowenstein,* Deputy Chief Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent, Pennsylvania Public Utility Commission.

OPINION BY JUDGE CRAIG, November 26, 1980:

Consolidated before this court are the appeals of the following protestants: Philboro Coach Corp. and Romano School Bus Service, Inc., at No. 2258 C.D. 1979, Greyhound Lines, Inc. at No. 2265 C.D. 1979, Auch Inter-Borough Transit Company at No. 2392 C.D. 1979 and Schuylkill Valley Lines, Inc. at No. 2336 C.D. 1979.

Protestants appeal from an order of the Public Utility Commission (commission) which reversed a decision of an administrative law judge (ALJ) and granted the request of Starr Transit Company (applicant) to amend its common carrier certificate to permit the transportation of groups and parties of persons on special excursions, tours and sight-seeing trips from points in the city and county of Philadelphia, and from points in the counties of Montgomery and Delaware, to points and places in Pennsylvania.

After the filing of applicant's request on May 17, 1976, the commission, in accordance with Section 7 of the Public Utility Commission Law, Act of March 31, 1937, P.L. 160, *as amended, formerly* 66 P.S. §458, repealed by the Act of October 7, 1976, P.L. 1075, assigned the case to a hearing examiner who presided over the initial hearings on June 28 and 29, 1976. Because of sudden illness of the original hearing examiner, further hearings on August 3 and 4, 1976 were presided over by then Hearing Examiner Crumlish.

Effective approximately December 6, 1976, the legislature repealed Section 7 of the Public Utility Commission Law, 66 P.S. §458 with the passage of the Act of October 7, 1976, P.L. 1075, *as amended, formerly* 66 P.S. §457.2 which created the office of administrative law judge.

Consequently, during the course of hearings on this matter, Hearing Examiner Crumlish became Administrative Law Judge Crumlish. As the latter, he presided over additional hearings in this case on January 20 and 21, 1977 and December 27, 1977. On May 17, 1979, Administrative Law Judge Crumlish issued an order which denied applicant's request.

Applicant filed with the commission, exceptions to the ALJ's initial decision. Without referring applicant's exceptions to the ALJ for his decision on them, the commission, by order dated October 9, 1979, granted applicant's exceptions and amendment as requested.

On appeal protestants contend that the commission erred by not giving retroactive effect to Section 332(h) of the Public Utility Code (Code), *as amended,* 66 Pa. C. S. §332(h) which now requires that the ALJ rule on exceptions to his initial decision. Section 332(h) of the Code reads:

> Any party to a proceeding referred to an administrative law judge under Section 331(b) may file exceptions to the decision of the administrative law judge within fifteen days after such decision is issued. . . The administrative law judge shall rule upon such exceptions within thirty days after filing. . .

Neither Section 331(b) of the Code, *as amended*, 66 Pa. C. S. §331(b), referred to in 66 Pa. C. S. §332(h), nor 66 Pa. C. S. §332(h) was in effect during the course of hearings on the matter before us; they both took effect on January 25, 1979, between the conclusion of hearings and the date of issuance of the ALJ's decision.

We agree with protestants as to the validity of the general proposition that a statute like 66 Pa. C. S. §332(h) can operate retroactively because it concerns only the mode of procedure; it does not change or affect any substantive rights of litigants. *See Universal Cyclops v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

However, we cannot hold that 66 Pa. C. S. §332(h) does so operate under the facts of the present case. No statute operates unless the conditions specified for its operation are fulfilled. The stated condition which makes 66 Pa. C.S. §332(h) operable, referral to an ALJ under 66 Pa. C. S. §331(b), was not fulfilled here. This proceeding, at its inception, was referred to a hearing examiner under the former procedural framework.

To apply 66 Pa. C. S. §332(h) to the present case, we would have to find that the creation of the office of ALJ during the course of hearings in this case causes it to be one "referred to" an ALJ under Section 331(b). But we have no basis for reading the Code as if it provided that all cases commenced be-

fore a hearing examiner shall be treated thereafter as if referred to an ALJ for the purpose of 66 Pa. C. S. §332(h). Therefore the commission did not err by not applying 66 Pa. C. S. §332(h).

The protestants' second contention is that the commission failed to articulate findings of fact necessary for this court to determine the basis upon which the commission concluded that public need existed for the requested service. We agree.

*Dutchland Tours, Inc. v. Public Utility Commission,* 19 Pa. Commonwealth Ct. 1, 337 A.2d 922 (1975), relied upon by protestants for what must be shown to prove public need, is unlike the present case. In *Dutchland* this court decided the issue of whether the commission could properly consider two years of unauthorized service by an applicant as competent evidence of public need. No such issue is raised in the present case.

We believe the present case is governed by our holding in *Morgan Drive Away, Inc. v. Pennsylvania Public Utility Commission,* 12 Pa. Commonwealth Ct. 5, 315 A.2d 889 (1974). In the present case the commission has merely concluded that public need existed, based on its summary of the testimony of applicant's witnesses. In *Morgan,* under similar circumstances, this court held that a summary of testimony is not a substitute for detailed findings of fact and remanded the case to the commission. Here, as in *Morgan,* more detailed and specific findings of fact are essential to permit us to decide this case on its merits. We must remand to the commission.

Protestants also contend that the minutes of the commission's public meetings on applicant's request do not mention the vote as to the addition of the Philadelphia area to the scope of applicant's request. Because the commission's order pursuant to remand

can encompass the commission's position on that matter, we need not here discuss the issue.

ORDER

AND Now, this 26th day of November, 1980, based upon the above discussion, it is hereby ordered that the order of the Pennsylvania Public Utility Commission is vacated and this matter is remanded to the commission for the purpose of preparing, executing and entering a new order setting forth specific findings of fact upon which its conclusion and decision is based.