Philboro Coach Corp. and Romano's School Bus Service, Inc., Petitioners *v.* Pennsylvania Public Utility Commission, Respondent. Starr Transit Co., Inc. et al., Intervenors.

Greyhound Lines, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Starr Transit Co., Inc. et al., Intervenors.

In Re: Starr Transit Co., Inc.

Auch Inter-Borough Transit Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Starr Transit Co., Inc. et al., Intervenors.

Argued February 5, 1982, before Judges R<small>OGERS</small>, M<small>AC</small>P<small>HAIL</small> and D<small>OYLE</small>, sitting as a panel of three.

*S. Berne Smith, McNees, Wallace & Nurick,* for petitioners, Philboro Coach Corp. and Romano's School Bus Service, Inc.

*James D. Campbell, Jr., Nauman, Smith, Shissler & Hall,* for petitioner, Greyhound Lines, Inc.

*David E. Thomas, Erskine and Wolfson,* for petitioner, Auch Inter-Borough Transit Company.

*Eric A. Rohrbaugh,* Assistant Counsel, with him *Mark S. Jennings,* Assistant Counsel, *Alfred N. Lowenstein,* Deputy Chief Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent.

*Alan R. Squires, Steinberg, Greenstein, Gorelick & Price,* for intervenors, Starr Transit Co., Inc.

OPINION BY JUDGE MACPHAIL, June 17, 1982:

These consolidated petitions seek review of an order of the Public Utility Commission (PUC or Commission) which granted the request of Starr Transit Company (Applicant) to transport, as a common car-

rier, persons in group and party service[1] from points in the city and county of Philadelphia and from points in the counties of Montgomery and Delaware to points in Pennsylvania.[2] The case is presently before this Court for the second time, the PUC's original order granting transportation authority having been previously vacated and remanded for failure to articulate findings of fact sufficient for this Court to exercise its review function. *Philboro Coach Corp. v. Pennsylvania Public Utility Commission,* 55 Pa. Commonwealth Ct. 46, 423 A.2d 751 (1980). We now affirm.

Protestants[3] have presented three questions for this Court's determination. The first of these questions is whether the PUC has complied with this Court's prior order that the PUC enter "a new order setting forth specific findings of fact upon which its conclusion and decision is based." 55 Pa. Commonwealth Ct. at 52, 423 A.2d at 754.

The degree of specificity required of findings of fact is not a high one, particularly in motor carrier certificate cases. *Morgan Drive Away, Inc. v. Pennsylvania Public Utility Commission,* 12 Pa. Commonwealth Ct. 5, 315 A.2d 889 (1974). While obviously this Court's review function becomes easier as the findings become more detailed, the absence of numerous formal findings will not necessarily preclude review. Rather, the findings need only be detailed and specific enough to enable this Court to determine the controverted question presented on the appeal and to ensure that the conclusions follow from the facts. "[I]t

[1] Group and party service encompasses: (1) charter service, (2) tour or sight-seeing service and (3) special excursions. *See* 52 Pa. Code §29.13.

[2] Subject to certain conditions described in the PUC's order.

[3] Philboro Coach Corporation, Romano's School Bus Travel Service, Inc., Greyhound Lines, Inc. and Auch Inter-Borough Transit Company.

is within the discretion of the appellate court to determine whether the findings are sufficient." *Dutchland Tours, Inc. v. Pennsylvania Public Utility Commission*, 13 Pa. Commonwealth Ct. 54, 57, 318 A.2d 394, 395 (1974). We believe in this case that the PUC's general discussion of this matter does contain sufficiently detailed findings to allow us to review its decision, *see Yellow Cab Co. v. Pennsylvania Public Utility Commission*, 50 Pa. Commonwealth Ct. 448, 452, 412 A.2d 1385, 1387 (1980); therefore, further remand is unnecessary.

The second argument for reversal raised by Protestants is that the PUC has not followed its own precedents in deciding to grant operating authority here. Protestants contend that the PUC has denied operating authority to applicants who have presented better and more voluminous evidence than was presented here and that therefore the PUC has committed an error of law in failing to follow its prior standards as to the amount and type of evidence necessary to sustain an applicant's burden of proof.

It is not the duty of this Court to ensure that the PUC follows PUC precedents as to evidentiary sufficiency. The duty of this Court is to review *this* case to determine if there is substantial evidence in the record to support the PUC's determination. The weight of the evidence presented is for the PUC to determine in each case and it is quite outside our power to make comparison "weighings" of prior PUC decisions to see if this case "follows" those prior rulings. Any failure by the PUC to follow its prior evidentiary standards, if in fact there is a failure, is not an error of law subject to our review. *See Burleson v. Pennsylvania Public Utility Commission*, 66 Pa. Commonwealth Ct. 282, 443 A.2d 1373 (1982).

The final contention of Protestants is that there was not substantial evidence to support the PUC's

findings of need and inadequacy in this case. Section 1103(a) of the Public Utilities Code, 66 Pa. C. S. §1103 (a) provides that a "certificate of public convenience shall be granted by order of the Commission, only if the Commission shall find or determine that the granting of such certificate is necessary or proper for the service, accommodation, convenience, or safety of the public." The PUC in this case premised its determination of "necessity" upon the traditional standard[4] of need for the new service and inadequacy of the existing service. *See Byerly v. Pennsylvania Public Utility Commission*, 440 Pa. 521, 270 A.2d 186 (1979).[5] Our review of this determination of necessity is, of course, limited. As Judge MENCER wrote for this Court in *Gibbons, Inc. v. Pennsylvania Public Utility Commission*, 18 Pa. Commonwealth Ct. 114, 116, 334 A.2d 806, 807 (1975):

> We must keep in mind, when considering the legal sufficiency of the evidence, the fact that this Court cannot exercise independent judgment on the record and can neither weigh evidence nor resolve conflicting testimony. If there is substantial evidence supporting the order of the Commission, we may not set it aside. Substantial evidence is such relevant evidence as a reasonable mind can accept as adequate to support a conclusion.

---

[4] In its adjudication, the PUC discusses the possibility that this case could have been decided under the alternative "necessity" standard as articulated in *Gettysburg Tours, Inc. v. Pennsylvania Public Utility Commission*, 42 Pa. Commonwealth Ct. 399, 400 A.2d 945 (1979). However, the PUC chose not to base its decision on the alternative approach and we therefore shall limit our review to the traditional "necessity" standard.

[5] Fitness of the Applicant to meet the public need must also be shown. *See Yellow Cab Co.* However, the finding of fitness has not been appealed to this Court and thus shall not be examined.

With this as a guiding standard, we have examined the somewhat voluminous record compiled in this matter and conclude that there is substantial evidence to support the Commission's order.

The Applicant presented three types of testimony in support of its request. First, there was the testimony of Mr. Fitzpatrick, Applicant's general manager, who testified, *inter alia,* about calls to the Applicant requesting Philadelphia metropolitan area service.[6] The second form of testimony presented came from several non-professional customer witnesses who testified as to shortages of equipment which they experienced in arranging intra-state trips from the Philadelphia area. These witnesses also testified regarding the poor quality of some of the equipment provided for these trips. The third type of testimony received came from travel agents. These professionals, who could be expected to oppose the "tour" aspects of Applicants' request, also testified as to quantity and quality problems with presently available carriers.

Protestants next present several arguments in attempting to show that "substantial evidence" is lacking in this testimony. They argue that the testimony of these witnesses failed to show need for service in either the Delaware or Montgomery County area. We do believe that the evidence received, however, particularly from the travel agents licensed to serve throughout the Philadelphia area, shows need through-

---

[6] Protestants argue that such "request testimony" when not supported by empirical data should not be entitled to any weight by the Commission. However, "[n]o matter how unimpressive this testimony may appear to us, it was competent testimony and therefore its weight was for the Commission." *H. J. Gongaware & Sons v. Pennsylvania Public Utility Commission,* 163 Pa. Superior Ct. 9, 10, 60 A.2d 364, 365 (1948). Furthermore, the Commission specifically stated that it was giving only limited weight to this testimony. Since this was not the only testimony presented, the order cannot be reversed based on the possible weakness of this evidence alone.

out the proposed service area. While it is true that need was not quantitatively shown in every part of the area, it is not necessary for the Applicant to prove demand in every part of the territory proposed so long as there is proof of *reasonable* necessity. *See Dutchland Tours, Inc. v. Pennsylvania Public Utility Commission,* 19 Pa. Commonwealth Ct. 1, 337 A.2d 922 (1975).[7]

Protestants also contend that the presentation of only 10 public witnesses by the Applicant cannot provide substantial evidence of necessity for such a large service area. This argument, however, goes to the weight of the testimony which, as we have previously indicated, is for the PUC to determine. There is no "magic number" of witnesses needed to support an application; substantial evidence is not a process of counting noses. Where a fair representation of knowledgeable witnesses presents testimony which will support the PUC's findings, we cannot disturb such findings. *See Purolator Courier Corp. v. Pennsylvania Public Utility Commission,* 51 Pa. Commonwealth Ct. 377, 414 A.2d 450 (1980).

We believe, therefore, that there is substantial evidence to support the PUC's determination that there was a need for an added carrier and that present service was inadequate due to equipment shortages.

ORDER

The order of the Pennsylvania Public Utility Commission entered January 26, 1981, docket number A-00099608, F.2, Am-A, is hereby affirmed.

---

[7] Protestants have noted the absence of direct testimony regarding the tour and sightseeing aspects of the "group and party" authority granted to Applicant. However, this Court has previously determined that sightseeing and excursion services are ancillary to the primary charter services and therefore evidence of necessity is not required regarding such services. *See C. I. Bieber, Inc. v. Pennsylvania Public Utility Commission,* 3 Pa. Commonwealth Ct. 236, 238 n. 1, 281 A.2d 351, 353 n. 1.

Judge MENCER did not participate in the decision in this case.

President Judge CRUMLISH, JR. did not participate in the decision in this case.