## Byerly Appeal.

Argued September 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert H. Griswold,* with him *S. Berne Smith,* and *McNees, Wallace & Nurick,* for appellants.

*Herbert E. Squires,* Assistant Counsel, with him *Paul Silverstein,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*Leonard R. Apfelbaum,* with him *Sidney Apfelbaum,* for intervenors, appellees.

*Arthur R. Littleton, James W. Patterson,* and *Morgan, Lewis & Bockius,* for amicus curiae.

OPINION PER CURIAM, October 30, 1969:
Orders affirmed.

_____

DISSENTING OPINION BY MONTGOMERY, J.:

I respectfully dissent. The Certificate of Public Convenience, under which the transfer of the rights of Charles H. Forney to D. R. Whitmer Sons was approved by the Public Utility Commission in this case, had been held by Forney since 1961. Under it Forney was authorized as a common carrier to transport building supplies, building materials, sand, gravel and coal in central Pennsylvania. However, Forney testified that he had transported only coal under the Certificate from 1961 to 1965 and had transported nothing thereafter. There being no further evidence in the record that there was a public need for these services, the presumption of continuance doctrine, as established in *Hostetter v. Pennsylvania Public Utility Commission,* 160 Pa. Superior Ct. 94, 49 A. 2d 862 (1946), should

306 not have been applied in lieu of such testimony or evidence in supporting the Certificate of Public Convenience. In my opinion, the doctrine is applicable only where public service has been provided by the transferor up to the time of the application for transfer. Such interpretation is in conformity with the Commission's own Rules and Regulations, General Order 29, Rule 7(c), which reads, "(c) Whenever the Commission has information indicating that any common carrier has permanently discontinued furnishing the service authorized in its certificate, such discontinuance shall be regarded as prima facie evidence that the public necessity upon which the certificate was granted no longer exists."

The evidence of abandonment is even more apparent in this case than in *W. D. Rubright Co. v. Pennsylvania Public Utility Commission,* 197 Pa. Superior Ct. 242, 177 A. 2d 119 (1962), in which I dissented on the same grounds. In that case the transferor signed an agreement of transfer one month after he ceased operations, where in this case the transferor conducted no operations for three years prior to the application.

Therefore, I believe that since there was no evidence to support the Commission's orders, they should be reversed.

JACOBS, J., joins in this dissenting opinion.