Morgan Drive Away, Inc. *v.* P.U.C. and Emig, Intervenor.
National Trailer Convoy, Inc. *v.* P.U.C. and Emig, Intervenor.

230

Argued June 5, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Christian V. Graf,* for appellant, Morgan Drive Away, Inc.

*James D. Campbell, Jr.,* with him *Nauman, Smith, Shissler & Hall,* for appellant, National Trailer Convoy, Inc.

*Alfred N. Lowenstein,* Assistant Counsel, with him *Philip P. Kalodner,* Counsel, and *Edward Munce,* Acting Counsel, for appellee.

*Richard W. Roeder,* with him *Mahany & Roeder,* for intervenor.

OPINION BY JUDGE CRUMLISH, JR., July 31, 1972:

The Pennsylvania Public Utility Commission approved the application of Joseph W. Emig (transferee, trading and doing business as Colonial Estates Mobile Home Sales) to acquire by transfer the certificate of public convenience as a common carrier by motor vehicle issued in 1966 to Bud L. Rice (transferor). The transferee had purchased, by option, and applied for transfer of the transferor's certificate to transport used mobile homes and used house trailers for private owners between certain points in the Commonwealth as set forth in transferor's certificate.

Protests to the application were filed by two competitors, both appellants herein, alleging primarily that the transferor's certificate had been abandoned by him and hence could not be transferred. At a hearing on the application before the Commission-appointed hearing examiner, the only evidence presented by either side was protestants' offer of the annual financial reports of the transferor which disclosed that he had been inoperative during the three years preceding the application. The Commission, in review, approved the transfer. Appeals from the order followed. Thereupon, the matter was remitted to the Commission for the submission of a "long form" order with specific findings of fact and conclusions of law so that appellate review would move with dispatch.

Appellants make two objections to the Commission's order: (1) the Commission did not make a finding, as required, that the applicant was fit and proper to hold a certificate; and (2) the Commission erred by failing to find that the presumption that the need for service continues was overcome by evidence of inactivity. We dismiss both objections.

First, the Commission's order does not make a specific finding of transferee's fitness. Appellants contend that such a finding is necessary in order to grant a certificate of public convenience. *Byham v. Pennsylvania Public Utility Commission,* 165 Pa. Superior Ct. 253, 67 A. 2d 626 (1949). They suggest that since the record contains no evidence of transferee's ownership of trucks, insurance coverage, knowledge of the business, or financial ability, the Commission was not properly postured to pass on the applicant's fitness.

The Commission is mandated by statute prior to a grant of a certificate to determine whether certification is "necessary or proper for the service, accommodation, convenience, or safety of the public. . . ." The Public Utility Code, Act of May 28, 1937, P. L. 1053, Art. II, §203, 66 P.S. §1123. Although the Superior Court properly held in *Byham* that this duty includes scrutiny of the applicant's fitness, neither the courts nor the legislature have ordered the Commission to make specific findings of fitness. The Commission may by its review demonstrate full consideration of the applicant's fitness. The Commission's orders taken with the application satisfy us that ample concern of this issue was had.

Specifically, the application contains information relating to financial status and to the vehicles of service. Moreover, the Commission's initial order restricts use under the certificate to the equipment named therein and requires that applicant comply with all the provisions of the Public Utility Code as a condition precedent to the grant of the certificate. Where the Commission has before it evidence of financial ability, and conditions its grant of privileges upon compliance with provisions of the Code instituted to secure the public's safety, we cannot hold that the Commission has breached its duty to scrutinize the fitness of an applicant for a certificate of public convenience.

Second, appellants contend that they have rebutted the presumption of continuance doctrine with evidence of the transferor's dormancy, and therefore, the applicant was required to present evidence of a present need for service.[1] The presumption of continuance doctrine, originating in the common law, was adopted by the Commission in 1937, *Grimm's Application,* 17 Pa. P.U. C. 25 (1937), and was judicially sanctioned by the Superior Court in 1946. *Hostetter v. Pennsylvania Public Utility Commission,* 160 Pa. Superior Ct. 94, 49 A. 2d 862 (1946). Once continuing need has been established it continues to exist, unless it is clearly rebutted. The Superior Court has held that "in applications for transfers of existing certificated rights proof of necessity shall *not be* required." *Hostetter,* 160 Pa. Superior Ct. at 98, 49 A. 2d at 864. (Emphasis added.)[2] The question before us then is whether the Commission erred in finding that appellants had not presented sufficient evidence to rebut this presumption.

Appellant's offer in rebuttal was that for the three preceding years transferor did not report public utility revenues. The Supreme Court recently has disposed of this contention. *In Re Byerly,* 440 Pa. 521, 270 A. 2d 186 (1970). "The fact that a carrier has not transported the certificated product and the fact that he has not been requested to do so does not rebut the presumption of continuing necessity. . . . The fact that the carrier in question has not been called upon by the public and

---

[1] Appellants had also urged that they had presented a prima facie case of abandonment which would undo the original certificate. This argument has no merit since abandonment requires proof of intent, and no evidence has been presented to establish intention to abandon. *See, W. D. Rubright Co. v. Pennsylvania Public Utility Commission,* 197 Pa. Superior Ct. 242, 177 A. 2d 119 (1962). *See also,* note 3 infra.

[2] Since *Hostetter,* we dismiss appellant's contention that the presumption of continuance doctrine, nonetheless, requires some affirmative evidence in addition to application.

has not rendered service does not necessarily establish the lack of public necessity for the service." *Byerly,* 440 Pa. at 522, 270 A. 2d at 189.

We do not agree with appellants when they say that *Byerly* is inapplicable here because the transferor there testified that he continued to hold himself open for business.[3] *Byerly* explicitly held that the testimony by the protestants did not rebut the presumption of continuance. In holding that the presumption was not rebutted, the Court found against the protestants without considering the quantity or quality of the transferor's evidence on that issue. The Supreme Court in *Byerly* binds us. Accordingly, we issue the following

ORDER

AND NOW, this 31st day of July, 1972, the order of the Pennsylvania Public Utility Commission is hereby affirmed.

---

CONCURRING AND DISSENTING OPINION BY JUDGE BLATT:

*Byerly v. Pennsylvania Public Utility Commission,* 440 Pa. 521, 270 A. 2d 186 (1970), establishes two requirements which must be met in order to overcome the presumption of continuing need, and, while the appellants have shown that the transferor failed to provide services over a three-year period, there was no evidence the transferor was not holding itself out to provide such services. The Public Utility Commission (Commission), therefore, was correct in sustaining the presumption, and the majority is correct in holding that the appellants failed to overcome the presumption.

I must disagree, however, with the majority's holding that it is not necessary for the Commission to make

---

[3] The Commission records of transferor also show that he had submitted tariff schedules, evidence of public liability and insurance coverage, and annual reports, all of which demonstrate a continued business interest.

a finding of fitness in cases involving certificates of public convenience. It is clear that a "[d]etermination by the Commission of the merits of an application for a certificate of public convenience requires that it scrutinize the fitness of the applicant." *Byham v. Pennsylvania Public Utility Commission*, 165 Pa. Superior Ct. 253, 258, 67 A. 2d 626, 629 (1949). Certainly a Commission determination that an applicant is fit is an absolute necessity if the public is to be adequately protected. This holds true, moreover, whether the case involves the original issue or the subsequent transfer thereof.

The majority apparently recognizes the need for the Commission to determine fitness, but it holds that the Commission need not make a specific finding of fitness if there is evidence of fitness in the record to which the Commission could have referred in making such a finding. Such a holding, however, not only lessens the Commission's responsibility to make known to the public, and to the appellate courts, on what basis it believes an applicant is or is not fit to receive a certificate of public convenience, but it even permits the possibility of the Commission's making an inadequate investigation or none at all. If an applicant's fitness is to be an important element in Commission decisions, as I believe it should be, then the Commission should make its determination on this issue perfectly clear when it issues its order, and I believe that the law so requires.

I would remand this case to the Commission so that it may make a specific determination as to the fitness of the proposed transferee.

Judge MENCER joins in this Opinion.