Paxtowne, a Limited Partnership, Petitioner *v.* Pennsylvania Public Utility Commission and Pennsylvania Power and Light Company, Respondents.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Bruce E. Cooper,* for petitioner.

*Louise A. Russell,* Assistant Counsel, with her *Shirley Rae Don,* Deputy Chief Counsel, and *George M. Kashi,* Chief Counsel, for respondent, Pennsylvania Public Utility Commission.

*Gennaro D. Caliendo,* for respondent, Pennsylvania Power & Light Company.

OPINION BY JUDGE WILKINSON, JR., March 2, 1979:

On December 3, 1973, respondent Pennsylvania Power and Light Company (hereinafter PP&L) applied to the Pennsylvania Public Utility Commission (Commission) for a certificate of public convenience to exercise the right of eminent domain in acquiring a 100-foot right-of-way across the property of petitioner, Paxtowne, a limited partnership, to construct and maintain an electric transmission line. Hearings were held on January 15 and March 1, 1974, and again on October 26 and 27, 1977, and December 1, 1977, following an order of the Commission for additional hearings. Thereafter, on August 2, 1978, the Commission issued a final order granting the certificate. We affirm the order.

PP&L proposes to construct a new 3.8 mile line on double circuit wooden poles connecting its existing Capital Park line with a proposed Linglestown substation. The line would cross 3,170 feet of petitioner's property, a 149-acre tract of land in Lower Paxton Township where petitioner proposes to build a Planned Residential Development. Petitioner does not contest the need for the new line, but only the route selection of PP&L across petitioner's property.

PP&L evidence on this issue may be summarized as follows: that the proposed route was selected over

alternative routes because the topography of petitioner's property was superior with regard to land use, environmental and engineering considerations; and that the selection of other routes would be more costly in requiring rights-of-way from additional property owners. Paxtowne adduced testimony of a partner who testified that in his opinion the existence of a high tension line through its planned development would "eliminate quite a few single family detached lots" and would also be an inhibiting factor to proposed purchasers of housing in the developments; a consulting engineer also testified as to the superiority of Paxtowne's proposed alternate route which would cross farmland and property used for a rifle range.

Petitioner first contends the Commission has not made sufficient findings of fact in order for proper judicial review of the Commission's conclusion.[1] Rather, petitioner contends the Commission's finding relative to route selection is a mere conclusion in that it fails to itemize factors upon which the Commission based its finding that "[n]o alternative route has been shown to be significantly superior to the route selected by applicant" and that "applicant's choice of route was made after careful consideration of economics, topographical, environmental, regulation, social and service factors."

---

[1] Petitioner in its brief also raised the issue of the applicability of Article I, Section 27, of the Pennsylvania Constitution. A motion by the Commission to strike this issue for failure to raise it before the Commission or in the petition for review was granted by President Judge Bowman by order dated January 25, 1979.

Petitioner also argues that the Commission failed to enforce its own regulations in this case. See 8 Pa. B. 1406-09 (May 20, 1978). The easy answer to this assertion is that the regulations proposed by the Commission by its order of March 2, 1976 were not made effective until May 20, 1978. Additionally the 1978 regulations do not apply to a design voltage of 138 KV as proposed here. See 8 Pa. B. 1406.

Section 703(e) of the Public Utility Code, 66 Pa. C.S. §703(e), directs that the Commission's "findings shall be in sufficient detail to enable the court on appeal, to determine the controverted question presented by the proceeding, and whether proper weight was given to the evidence." While the Commission's order does not recite specific findings regarding the superiority of the PP&L route, the discussion of the administrative law judge, adopted by the Commission with his findings and conclusions, sufficiently refers to factual matters supportive of the Commission's conclusions with respect to the issue of the proposed routes. *See Pennsylvania Public Utility Commission v. Pennsylvania Radio Telephone Corp.*, 20 Pa. Commonwealth Ct. 591, 342 A.2d 489 (1975).

Finally, petitioner contends that there is not substantial evidence in the record to support the conclusion that PP&L's route is reasonable. The applicable legal standards for review of the selection of a route for utility lines are whether the powers conferred upon the public utility have been wantonly, capriciously or arbitrarily exercised. *West Penn Power Co. v. Pennsylvania Public Utility Commission,* 199 Pa. Superior Ct. 25, 184 A.2d 143 (1962). The degree of inconvenience to a landowner, therefore, would not constitute grounds for withholding the exercise of the power to condemn the easement, *see Stone v. Pennsylvania Public Utility Commission,* 192 Pa. Superior Ct. 573, 162 A.2d 18 (1960), where the record establishes that the utility's route selection was reasonable considering all the factors involved in the selection of a line.

Judged against this standard and based upon an examination of the record we are unable to conclude that PP&L's proposed route is unreasonable. PP&L witnesses tetified that the proposed route was one of three initially considered and that the present pro-

posed route was selected because, *inter alia*, it was the most direct and least costly route and would more nearly follow property lines. Although petitioner's proposed alternate route would place the electric transmission line on property currently used as farmland and not proposed for residential development, rebuttal testimony by PP&L established the petitioner's route would cross two roads, rather than one and traverse a high level plateau exposing more of the line to public view and require additional rights-of-way from other property owners. While the testimony clearly indicates that the existence of the transmission lines will have an impact upon petitioner's existing residential development plans and may even necessitate a redesign of the plan to conform to the new right-of-way this evidence is not, when balanced against the evidence of the utility, indicia of a wanton, capricious or arbitrary exercise of power.

Accordingly, we well enter the following

ORDER

AND Now, March 2, 1979, the order and Certificate of Public Convenience of the Pennsylvania Public Utility Commission, dated August 17, 1978, at Application Docket No. 98343, 1973, is hereby affirmed.