Charles L. Feather and Ritchey Trucking, Inc., Petitioners *v.* Pennsylvania Public Utility Commission and Samuel J. Lansberry, Inc., Respondents.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DISALLE, sitting as a panel of three.

 

*Thomas M. Mulroy,* for petitioners.

*Michael C. Schnierle,* Assistant Counsel, with him *Alfred N. Lowenstein,* Deputy Chief Counsel, and *George Kashi,* Acting Chief Counsel, for respondent, Public Utility Commission.

*Herbert R. Nurick,* with him *McNees, Wallace & Nurick,* for intervenor.

OPINION BY JUDGE WILKINSON, JR., April 9, 1979:

Petitioners were protestants in a proceeding before the Public Utility Commission (Commission) wherein intervening respondent, as transferee, sought the approval of the transfer of certain authority held by the transferor. The protestants relied on two grounds to prevent the transfer. First, the rights proposed to be transferred had been abandoned by the transferor; second, no testimony was offered to show the necessity for continuing the rights or transferring them. The Administrative Law Judge and the Commission, finding that there had not been an abandonment and that the presumption of continuing necessity applied, approved the transfer. We affirm.

The facts, briefly summarized, are in dispute in only one area. It is undisputed that the transferor obtained this authority on June 17, 1965, along with other rights. He has always maintained a tariff showing this authority along with the other rights, but did not exercise this authority from June 17, 1965 until the date of this application for transfer, *i.e.,* December 15, 1976. It is disputed as to whether he knew

he had the rights. There is some confusion in the record on this point, but there is testimony to support the finding that he had knowledge of the authority when he received it and that he never intended to abandon the authority.

*Byerly v. Pennsylvania Public Utility Commission,* 440 Pa. 521, 270 A.2d 186 (1970) is controlling. In that case Justice COHEN, without dissent, made it quite clear that on facts remarkably similar to the instant case, absence of use alone cannot establish abandonment. To establish abandonment requires an affirmative showing of intent to abandon. Further, in a transfer situation, as here, the applicant can rely on the presumption of a continuing necessity, at least until the protestants introduce evidence of no need. No such evidence was introduced here.

Accordingly, we will enter the following

ORDER

AND Now, April 9, 1979, the order of the Pennsylvania Public Utility Commission, entered April 14, 1978, at Docket No. A.99642, F.1, Am-E, is affirmed.