Purolator Courier Corp., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Mail Delivery, Intervenor.

Purolator Courier Corp., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*James W. Patterson,* with him *Larry R. McDowell,* of counsel, *Harper, George, Buchanan & Driver,* for petitioner.

*Eric A. Rohrbaugh,* Assistant Counsel, with him *Alfred N. Lowenstein,* Deputy Chief Counsel and *George M. Kashi,* Chief Counsel, for respondent.

*Colonel C. Heeter,* for intervenor.

OPINION BY JUDGE BLATT, May 15, 1980:

Purolator Courier Corporation (petitioner) appeals here from an order of the Pennsylvania Public Utility Commission (PUC) which approved the application of Mail Delivery (applicant) to amend its certificate of public convenience.

Mail Delivery is currently authorized to transport mail from post offices to business customers, and vice versa, in Allegheny, Beaver, Butler, Washington, and Westmoreland Counties. Its application sought to expand its operation to include the transportation of property, no single shipment to exceed 10 pounds in weight, between points in the above-mentioned counties. The application was opposed by the petitioner, which provides similar service in the area concerned. After a hearing, Administrative Law Judge ALVIN LUDWIG issued an order which held that the applicant had demonstrated only a limited need for the proposed service and, therefore, granted authority to serve only certain named shippers. The applicant took exceptions to the order before PUC, arguing that the evidence justified granting the application in its entirety. The PUC agreed and accordingly granted the exceptions and approved the application in its entirety. From this order, the petitioner now appeals.

This Court has consistently held that:

An applicant for a certificate of public convenience carries the burden of proving (1) a public need for the proposed service, (2) the inadequacy of the existing service to satisfy the need, and (3) the capacity of the applicant to satisfactorily meet the need.

*Applications of L. P. Transportation, Inc.,* 25 Pa. Commonwealth Ct. 412, 414, 359 A.2d 848, 849 (1976). The petitioner argues here that, as to the territory for which the applicant seeks certification, the applicant has shown neither a public need nor the inadequacy of the existing service.

Regarding need, the applicant presented nine supporting witnesses who testified as to their businesses' need for the applicant's services. The witnesses represented a cross-section of business shippers which needed transportation to and from points within the

counties concerned. All of the witnesses currently use the applicant's services and indicated their intent or desire to use the additional services which the applicant proposed to provide, although in some instances their plans were contingent. Particularly attractive to some of the witnesses was the applicant's ability to meet their needs for same-day and 3-to-4-hour service. We think, therefore, that the applicant's evidence was sufficient to establish a need for his proposed service. *See Pennsylvania Public Utility Commission v. Pennsylvania Radio Telephone Corp.*, 20 Pa. Commonwealth Ct. 591, 595, 342 A.2d 489, 492 (1975). Moreover, we do not believe that the PUC erred in granting a broad rather than a limited extension of authority, for the testimony of the applicant's witnesses demonstrated that their need for the proposed service extends throughout the five-county area. The applicant was not required to show a demand for its service at every point within the proposed territory. It was sufficient "to show that the necessity existed within the area generally served." *Motor Freight Express v. Pennsylvania Public Utility Commission*, 180 Pa. Superior Ct. 622, 629, 121 A.2d 617, 621 (1956).

As to the inadequacy of the existing service, the petitioner asserts a lack of evidence and findings on this issue. We disagree. One witness testified that his business needed 3-to-4-hour service, which the petitioner refused to provide. Another testified that his business desired same-day service rather than the overnight service it is now receiving from another carrier. Still other witnesses testified as to their dissatisfaction with their existing service. Some witnesses also testified that the petitioner had not solicited their companies' business. Again, we think that the applicant's evidence of inadequacy was sufficient to meet its burden on that issue. In addition, we note that an order granting a certificate of public conve-

nience need not contain specific or numbered findings so long as facts are set forth which support the conclusions drawn. *Paxtowne v. Pennsylvania Utility Commission,* 40 Pa. Commonwealth Ct. 646, 398 A.2d 254 (1978); *Pennsylvania Public Utility Commission v. Pennsylvania Radio Telephone Corp., supra; Morgan Drive Away, Inc. v. Pennsylvania Public Utility Commission,* 6 Pa. Commonwealth Ct. 229, 293 A.2d 895 (1972). Here, the PUC's adjudication and the initial decision of the administrative law judge, which the PUC adopted to the extent not inconsistent with its own order, contains sufficient factual discussion and findings to support the PUC's conclusions.

We shall, therefore, affirm the order of the PUC.

ORDER

AND Now, this 15th day of May, 1980, the orders of the Pennsylvania Public Utility Commission in the above-captioned matter are hereby affirmed.