Cora E. Miles and William W. Miles, Co-Partners, t/d/b/a Deluxe Cab Co., Petitioners *v.* Pennsylvania Public Utility Commission, Respondent.

Argued January 31, 1983, before Judges BLATT, MacPHAIL and DOYLE, sitting as a panel of three.

*Herbert Somerson,* for petitioners.

*Marlane R. Chestnut,* Assistant Counsel, with her *Alfred N. Lowenstein,* Deputy Chief Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 22, 1983:

This is an appeal by Cora E. Miles and William W. Miles (Petitioners) from an order of the Public Utility

Commission (Commission) which denied Petitioners additional operating authority under their common carrier certificate.

This case dates to September 1973 when Petitioners, partners t/d/b/a Deluxe Cab Company,[1] filed with the Commission an application for additional taxicab authority. At that time, the Commission was conducting a broad investigation into taxicab service in Philadelphia and Petitioners' application was consolidated with other applications pending the outcome of the investigation. On June 27, 1978, the Commission sent letters, by certified mail, to all parties whose applications had been consolidated, including Petitioners. The letters requested additional information to enable the Commission to determine which applications should be considered still active after the five year lapse during the investigation. On March 22, 1979, having received no response to its June 27, 1978 letter,[2] the Commission adopted an Order Nisi dismissing Petitioners' application for lack of prosecution. The order was entered on April 9, 1979 and service was accepted by William Miles on April 14, 1979.

There is dispute in the briefs regarding whether exceptions to the Order Nisi were timely filed.[3] Never-

---

[1] During the course of the proceeding before the Commission, Petitioners formed a corporation, Deluxe Cab Company, and the rights under the existing carrier certificate were transferred to the corporation with Commission approval.

[2] In response to the Commission's letter, Petitioners, through their attorney, initially requested an additional twenty days in which to supply the additional information sought. Shortly thereafter, the attorney informed the Commission that his representation of Petitioners had ceased. No other response was received by the Commission.

[3] Petitioners claim that exceptions were filed with the Commission on or about April 17, 1979. Search of the Commission's files and those of the Secretary's Bureau revealed no record of the exception.

theless, a hearing on the application was scheduled and held on April 30, 1980 before an administrative law judge. An additional hearing was held on September 10, 1980, and on May 14, 1981, the administrative law judge issued a decision and order denying additional operating authority. Petitioner filed exceptions to this order and on July 17, 1981, the Commission denied the exceptions and adopted the decision of the administrative law judge.

Our review of decisions by the Commission is limited to a determination of whether constitutional rights were violated, an error of law was committed or findings of fact are unsupported by substantial evidence. *Yellow Cab Co. of Pittsburgh v. Public Utility Commission,* 60 Pa. Commonwealth Ct. 343, 431 A.2d 1106 (1981).

Petitioner's sole argument on appeal is that the order of the Commission must be reversed because the administrative law judge based his decision on Petitioners' age[4] in contravention of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§621-634 (1976). The argument is wholly without merit. First, we are doubtful that the federal statute has any applicability to the regulatory actions of the Commission. To be sure, as it readily concedes in its brief, the Commission may not discriminate on the basis of age just as it may not discriminate on the basis of race. The ADEA, however, prohibits age discrimination by *employers* and there is no construction of its provisions which would make it applicable to the Commission's action in the instant case.

---

[4] Petitioners' brief states the age of William W. Miles to be sixty-three. Cora E. Miles is William W. Miles' mother. The record shows that at the time of the 1980 hearings she was ninety-one and had recently suffered a stroke. William Miles testified at that time that she did not and would not participate in the operation of the cab company.

Second, it is clear that the decision of the Commission and the administrative law judge was not based on the Petitioner's age, but was founded rather on the procedural grounds that the order of April 9, 1979, dismissing the application for lack of prosecution, had never been rescinded or overturned. The Commission's order and that of the administrative law judge are identical and state:

IT IS ORDERED:

1. That the application of Cora E. Miles and William W. Miles, co-partners, t/d/b/a Deluxe Cab Co. was dismissed by Order Nisi adopted March 22, 1979 and entered April 9, 1979, for lack of prosecution.

2. That no additional operating authority will be granted at docket no. A. 86495, F. 1, Am-B.

In the decision accompanying the administrative law judge's order it was noted:

It is apparent that the purported applicants do not have an application on file before the Commission. A hearing on the applicants' fitness was held in anticipation of the Commission's reinstatement of the application. No such reinstatement has occurred since no petition for reinstatement was filed with the Commission.

Finally, it is apparent from a reading of the entire decision of the administrative law judge, that the language on which Petitioners base their discrimination charge is taken out of context. After determining that no application was properly before the Commission, the administrative law judge noted that it was within the Commission's discretion to rescind the April 9, 1979 order and reinstate the application. The judge opined, however, that such action by the Commission was not recommended because

the facts of this case strongly suggest that the applicants do not intend to operate a second taxicab if it is granted to them. Mr. Miles is an elderly man who has been in the taxicab business for 31 years. It would not be unreasonable to assume he is ready for retirement. If he were interested in selling his existing taxicab authority, he obviously could get a better price if he were authorized a second taxicab. This fact may tend to explain what appears to be a rekindled interest in this application on Mr. Miles' part after he had apparently abandoned the application.

Clearly, the discussion of Petitioner's age went not to his qualification for additional authority, but rather to his intent to operate under the additional authority if granted. The judge did not opine that the additional authority should not be granted because Petitioner was sixty-three years old; he recommended disapproval because he doubted Petitioners' stated intention to continue in operation. Petitioner's age was merely a fact undermining the credibility of his testimony, not a basis for the denial of his application. Since it is not our function as reviewing court to weigh the evidence, or judge its credibility, *Yellow Cab Co. of Pittsburgh v. Public Utility Commission,* 50 Pa. Commonwealth Ct. 448, 412 A.2d 1385 (1980), we will not disturb the administrative law judge's analysis of Petitioner's intent which was adopted by the Commission.

As we find no abuse of discretion, error of law or violation of constitutional rights in the discussion of Petitioner's age by the administrative law judge and the Commission, and the Petitioners assert no other grounds for reversal, the order of the Commission is affirmed.

## Order

Now, March 22, 1983, the order of the Public Utility Commission in the above referenced matter, adopted July 17, 1981 and entered July 28, 1981 is hereby affirmed.