601 A.2d 1308

**SOUTH HILLS MOVERS, INC., Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 1991.

Decided Jan. 7, 1992.

---

506

William A. Gray, for petitioner.

Rhonda L. Daviston, Asst. Counsel, for respondent.

Before CRAIG, President Judge, BYER, J., and NARICK, Senior Judge.

BYER, Judge.

The question we must answer in this appeal is whether the Pennsylvania Public Utility Commission (PUC) exceeded its authority when it denied a transfer application filed by transferee, South Hills Movers, Inc., based upon its conclusion that the transferor, D. Pierce Transportation, Inc., engaged in "trafficking and profiteering." We hold that the PUC abused its discretion by denying the application on this basis, so we reverse and direct the PUC to grant the application.

In 1989, the PUC approved the acquisition by Pierce of three separate operating rights from Milo Express. In January 1990, Pierce and South Hills began negotiations for South Hills to purchase one of these operating rights, which authorized the transportation of household goods and office furnishings in use.[1] Pierce and South Hills executed an agreement of sale, which provided for South Hills to pay Pierce $5,000.00 as consideration for the transfer.

South Hills and Pierce then applied to the PUC for approval of the transfer. Debo Moving and Storage, Inc., and others filed protests to the application, asserting: (1) Pierce could not transfer its certificate for one year after it received these rights and (2) Pierce's attempt to transfer these rights amounted to "trafficking and profiteering." After a hearing, the administrative law judge approved the transfer application, ruling that South Hills had met the required burden of proof to obtain approval for a transfer of rights. Debo alone filed exceptions. The PUC sustained Debo's exceptions and denied the application, finding that Pierce engaged in "trafficking and profiteering."

The statutory criteria for a certificate of public convenience are found at 66 Pa.C.S. § 1103(a):

A certificate of public convenience shall be granted by order of the Commission, only if the Commission shall find or determine that the granting of such certificate is

---

1. South Hills specializes in the transportation of household goods and office furnishings in use (72a).

necessary or proper for the service, accommodation, convenience, or safety of the public. The Commission, in granting such certificate, may impose such conditions as it may deem to be just and reasonable.

The PUC has published the evidentiary criteria it has adopted as governing the grant or denial of a certificate of public convenience or an amendment to a certificate for motor carriers in its regulations at 42 Pa.Code § 41.14:

(a) An applicant seeking motor common carrier authority has the burden of demonstrating that approval of the application will serve a useful public purpose, responsive to a public demand or need.

(b) An applicant seeking motor common carrier authority has the burden of demonstrating that it possesses the technical and financial ability to provide the proposed service, and, in addition, authority may be withheld if the record demonstrates that the applicant lacks a propensity to operate safely and legally.

(c) The Commission will grant motor common carrier authority commensurate with the demonstrated public need unless it is established that the entry of a new carrier into the field would endanger or impair the operations of existing common carriers to such an extent that, on balance, the granting of authority would be contrary to the public interest.

A motor carrier seeking to acquire another motor carrier's right to provide transportation services must apply for approval of the transfer from the PUC. 66 Pa.C.S. § 1102(a)(3). However, transfer applications do not require proof of public demand or need for the proposed service, because there is a presumption of continuing necessity. *In re Byerly*, 440 Pa. 521, 270 A.2d 186 (1970). This presumption of continuing necessity can be rebutted by protestants to the transfer application. *Id.* The protestants here did not challenge the continuing necessity.

The criteria related to a carrier's fitness to provide service include technical expertise, financial capacity and a

propensity to operate safely and legal. Once certified as a motor carrier, there is a continuing rebuttable presumption that the carrier is technically and financially fit. *Application of Blue Bird Coach Lines, Inc.*, 72 Pa.P.U.C. 262 (1990). This presumption also may be rebutted by the protestants. Protestants here did not challenge the ALJ's finding of South Hills' fitness as a motor carrier.

Our review of the record confirms that South Hills met the PUC's published evidentiary criteria under 42 Pa.Code § 41.14. Nevertheless, the PUC refused to approve the transfer to South Hills because the PUC determined that the transferor had engaged in trafficking or profiteering, a criterion which the PUC had not previously published with respect to motor carriers. Indeed, this case appears to be the first instance in which the PUC has stated that a transfer of motor carrier authority may be denied on such basis.

PUC asserts that it may impose other reasonable criteria upon an applicant for transfer including a requirement that the applicant prove that no trafficking or profiteering has taken place. The PUC relies on its holdings in the "taxicab cases," *Re Calypso, Inc.*, 65 Pa.P.U.C. 105 (1987), and *Re W-H Corp.*, 66 Pa.P.U.C. 159 (1988), that authorize the PUC's restriction on the transfer of authority. Both these cases involve petitions by holders of certificates of public convenience authorizing taxicab service in cities of the first class to waive the one year restriction on the transfer of taxicab operating rights. We easily distinguish these cases, because the one-year restriction on transfer was printed on the face of the certificates when issued by the PUC. The PUC does not print a similar legend on motor carrier certificates.

The PUC also relies on the Interstate Commerce Commission's policy that trafficking and profiteering are grounds for denial of approval of a transfer of rights. *See Silver Ball Transportation, Inc.—Lease—Spear Trucking Corp.*, 49 MCC 249 (1949). The fact that the ICC has such policy does not entitle the PUC to adopt such policy without

legislative enactment or without first publishing a regulation.

The PUC's ruling in this case retroactively imposes a new condition on the certificate of authority. Such conditions should be imposed at the time the certificate is granted. 66 Pa.C.S. § 1103(a). Although the PUC may adopt general criteria governing the transfer of authority, fundamental fairness requires that such general criteria be promulgated as published regulations through the rule-making process, instead of being adopted in an ad hoc, retroactive, case-by-case fashion.

Because the PUC abused its discretion by imposing this new requirement in such a manner, we reverse and remand with a direction to grant the application for transfer.

This decision was reached and opinion adopted before the conclusion of Judge BYER's service.

## ORDER

We reverse the order of the Pennsylvania Public Utility Commission and remand with the direction to grant the application to transfer. We relinquish jurisdiction.